IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN KERESTES, et al. | : | No. 08-2545 |

## **O R D E R**

AND NOW, this        day of                  , 200   , upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, and any objections filed thereto, IT IS ORDERED that:

    1. The Report and Recommendation is APPROVED and ADOPTED.

    2. The petition for a writ for habeas corpus filed pursuant to 28 U.S.C. § 2254 is DISMISSED.

    3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
THOMAS N. O'NEILL, JR., J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN KERESTES, et al. | : | No. 08-2545 |

## REPORT AND RECOMMENDATION

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                     August 25, 2008

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Corey Williams ("Williams"), an individual currently incarcerated in the Frackville State Correctional Institution. For the reasons that follow, I recommend that the petition be dismissed.

## FACTS AND PROCEDURAL HISTORY:

On May 30, 2002, after a jury trial before the Honorable Jane Cutler Greenspan, Court of Common Pleas of Philadelphia County, Williams was convicted of first degree murder, robbery, conspiracy, and possessing an instrument of crime.[1] That same day, before the penalty phase began, Williams agreed to enter a plea of guilty to two (2) unrelated counts of murder in the first degree for which the Commonwealth planned to prosecute him. In return, the Commonwealth declined to seek the death penalty for the

---

[1] The state court summarized the underlying facts as follows:
> [Williams] shot the victim Jamal Jones in the back of the head as Jones, who had been selling drugs on a corner in North Philadelphia, attempted to run away from [Williams] during a robbery. Two [2] eyewitnesses testified for the Commonwealth and identified [Williams] as the shooter.

Commonwealth v. Williams, 913 A.2d 949 (Pa. Super. 2006) (table); No. 2955 EDA 2005, at 1 (Pa. Super. Oct. 2, 2006) (unpublished memorandum).

instant murder conviction. Immediately following the entry of Williams' pleas and a waiver of pre-sentence, mental health and drug evaluations, the court imposed the mandatory sentences of life imprisonment without parole for each of the three (3) murders.[2]

Williams filed a direct appeal arguing that the trial court erred in: (1) allowing prejudicial testimony regarding the street gang, the Latin Kings; and (2) allowing evidence regarding Williams' possession of weapons on previous occasions.[3] On February 19, 2004, the Pennsylvania Superior Court affirmed the judgment of sentence. Commonwealth v. Williams, 849 A.2d 611 (Pa. Super. 2004); 1361 EDA 2003 (Pa. Super. Feb. 19, 2004) (unpublished memorandum), appended as App. "A" to Resp't Answer. Williams did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

On October 1, 2004, Williams filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq. Counsel was appointed and subsequently filed a letter pursuant to Commonwealth v. Finley, 550 A.2d

---

[2] In addition, Williams was sentenced to seven and one-half (7½) to twenty (20) years of imprisonment for the criminal conspiracy conviction, three (3) to five (5) years of imprisonment for the robbery conviction, three (3) to twelve (12) months of imprisonment for the possession of an instrument of crime conviction, and seven and one-half (7½) to twenty (20) years of imprisonment pursuant to Williams' negotiated guilty plea to criminal conspiracy, all sentences to run concurrently with the imposed life imprisonment sentences.

[3] Prior to his appeal, the trial court had denied Williams' motion to withdraw his guilty pleas on June 7, 2002, and had denied his subsequent motion for reconsideration on June 17, 2002.

2

213 (Pa. Super. 1988), certifying that there were no meritorious issues to advance before the PCRA court. On August 31, 2005, the PCRA court dismissed Williams' petition and permitted PCRA counsel to withdraw. On October 2, 2006, the Superior Court affirmed the PCRA court's dismissal of Williams' PCRA petition and denied his petition for re-argument on December 6, 2006. Commonwealth v. Williams, 913 A.2d 949 (Pa. Super. 2006); 2955 EDA 2005 (Pa. Super. Oct. 2, 2006) (unpublished memorandum), appended as App. "B" to Resp't Answer. Williams did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

On May 19, 2008,[4] Williams filed the instant petition for a federal writ of habeas corpus presenting various claims of ineffective assistance of counsel. Respondents have filed an answer asserting that Williams is not entitled to federal habeas relief because the instant petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

## DISCUSSION:

### I. Statute of Limitations

Section 101 of the AEDPA, effective April 24, 1996, amended habeas corpus law by imposing a one (1) year limitation period to applications for writ of habeas corpus filed

---

[4]Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Williams signed his habeas petition on May 19, 2008; therefore, I will assume that he presented his petition to prison authorities on that date.

3

by persons in state custody. 28 U.S.C.A. § 2244(d)(1). Section 2244, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The amended statute also provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). Williams' conviction became final on March 19, 2004, when the time for filing a petition for allowance of appeal in the Pennsylvania Supreme Court expired. See Pa.R.A.P. 1113(a) (a petition for allowance of appeal in the Pennsylvania Supreme Court

4

is to be filed within thirty (30) days of the entry of the order of the Superior Court). Consequently, Williams would normally have had until May 19, 2005, to timely file his § 2254 petition.

However, on October 1, 2004 – 196 days into the federal statute of limitations – Williams filed his PCRA petition. Because this petition was filed in accordance with Pennsylvania's procedural requirements, it is considered a "properly filed application" for post-conviction relief, thereby tolling the one (1) year limitation period. See 28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application" for state post-conviction review is pending shall not be counted toward the one (1) year period of limitation); Artuz v. Bennett, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"). Such a petition is considered "pending" within the meaning of § 2244(d)(2) during the time a state prisoner is pursuing his state post-conviction remedies, including the time for seeking discretionary review of any court decisions whether or not such review was actually sought. See Swartz, 204 F.3d at 424. Williams' petition was thus pending until January 6, 2007, thirty (30) days after the Pennsylvania Superior Court denied his motion for re-argument. At this time, the one (1) year grace period began to run and Williams had 169 days, or until June 24, 2007, to file a timely § 2254 petition.

Williams submitted the instant motion for filing on May 19, 2008, over ten (10) months after the limitation period had expired June 24, 2007. He does not assert that there has been an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered. See 28 U.S.C. § 2244(d)(1)(B)-(D). Consequently, Williams would be barred from presenting his claims under § 2254, unless the instant petition is subject to equitable tolling.

## II.  Equitable Tolling

The United States Supreme Court has not decided whether equitable tolling is available in the context of a federal habeas petition. See, e.g., Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) ("[w]e have not decided whether § 2244(d) allows for equitable tolling . . . we assume without deciding that it is"). The Third Circuit, however, has ruled that the one (1) year period of limitation for § 2254 is subject to equitable tolling because this limitation period is a statute of limitations and not a jurisdictional bar. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1988).

In assuming that equitable tolling is available, the United States Supreme Court recently stated that a litigant bears the burden of establishing two (2) elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence, 127 S.Ct. at 1085 (citing Pace v. DiGuglielmo, 544 U.S.

408, 418 (2005)); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (requiring that plaintiff has "in some extraordinary way" been prevented from asserting his rights). The Court also held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling." Id.; see also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

I do not find the instant matter to be one of the "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice." See Jones, supra. Williams presents us with no evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so.[5] Because Williams has not established "extraordinary" circumstances which would justify application of equitable principles, this court finds that there are no circumstances which would make the rigid application of the limitation period unfair. Consequently, I recommend that Williams' petition be dismissed as untimely.

---

[5]Indeed, Williams does not address the issue of the timeliness of the instant petition in any way.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this 25th day of August, 2008, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

_____
PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE